UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANTHONY N. GRAPHIA                                    CIVIL ACTION NO.

VERSUS                                                22-891-BAJ-EWD

CHRISTOPHER STRINGFELLOW, ET AL.

### NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Anthony N. Graphia ("Plaintiff") because of a motor vehicle collision that occurred on October 2, 2021.[1] Specifically, Plaintiff claims that, while stopped on Nicholson Drive due to "prevailing traffic conditions," a vehicle driven by Christopher Stringfellow ("Stringfellow") "suddenly and without warning struck" the rear of Plaintiff's vehicle, which "propelled Plaintiff's vehicle into the vehicle directly in front of him, causing a second collision."[2] Plaintiff further alleges that at the time of the collision, (1) Travelers Casualty and Surety Company of America ("Travelers") "had in full force and effect a policy of automobile liability insurance providing coverage to…Stringfellow," and (2) USAA General Indemnity Company ("USAA") "issued a policy of insurance which provided uninsured and/or underinsured motorist and medical payments coverage to [P]laintiff."[3] On September 12, 2022, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, against Stringfellow, Travelers, and USAA (collectively, "Defendants").[4] On November 15, 2022, USAA removed the matter to this Court, on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination

---

[1] *See, generally*, R. Doc. 1-2.
[2] *Id*. at ¶¶ 3-4 (cleaned up).
[3] *Id*. at ¶¶ 6, 8.
[4] *Id*.
[5] R. Doc. 1, ¶ 9.

required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. While it appears that the amount in controversy requirement is satisfied,[6] and the citizenship of USAA is adequately alleged,[7] the Court cannot determine whether complete diversity exists because the citizenship allegations as to Plaintiff, Stringfellow, and Travelers are deficient.

In the Notice of Removal, USAA alleges that "[a]ccording to the Petition," Plaintiff is a "person…domiciled in East Baton Rouge Parish, State of Louisiana," while Stringfellow is an "individual domiciled in the State of Mississippi (Rankin County)."[8] However, as to both Plaintiff and Stringfellow, the Petition only alleges that they are residents of East Baton Rouge Parish, Louisiana and Brandon, Mississippi, respectively.[9] "For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."[10] Thus, to properly allege the citizenship of an individual, such as Plaintiff or Stringfellow, a party must identify the individual's domicile.

While the Notice of Removal contains numerous allegations of citizenship as to various entities purportedly affiliated with Travelers, there are no citizenship allegations as to "Travelers Casualty and Surety Company of America," the entity currently named defendant in Plaintiff's Petition.[11] Relatedly, the Petition simply alleges that Travelers is a "foreign insurance carrier authorized to do and doing business in the State of Louisiana," which may be served through the

---

[6] In the Notice of Removal, USAA alleges that the "amount in controversy in this dispute is in excess of $75,000, which recently became apparent based on the [P]laintiff's response to Defendants' First Set of Interrogatories and Requests for Admissions." R. Doc. 1, ¶ 15. *See also* R. Doc. 1-4 (Plaintiff's Response to Defendants' Discovery Requests), at p. 1, Response to Request for Admission No. 1 (admitting that the total damages he is seeking in this matter "exceeds the sum of $75,000.00, exclusive of legal interest and costs.").

[7] In the Notice of Removal, USAA is alleged to be a Texas domiciled insurance company with its principal place of business in the state of Texas. R. Doc. 1, ¶ 11. This is sufficient for diversity purposes. *See* 28 U.S.C. § 1132(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[8] R. Doc. 1, ¶¶ 10, 12.

[9] R. Doc. 1-2, at intro. and ¶ 1(1).

[10] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

[11] *See* R. Doc. 1, ¶ 13 (alleging the citizenships of (1) the Standard Fire Insurance Company, (2) Travelers Insurance Group Holdings, Inc., (3) Travelers Property Casualty Corp., and (4) the Travelers Companies, Inc.).

Louisiana Secretary of State.[12] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[13] Neither the Notice of Removal nor the Petition adequately allege Travelers' citizenship because they do not state Travelers' state of incorporation or its principal place of business, as required by § 1332(c)(1).[14]

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[15]

Accordingly,

**IT IS ORDERED** that **on or before December 6, 2022**, USAA shall file a Motion for Leave to File Amended Notice of Removal, attaching a proposed, comprehensive Amended Notice of Removal, that contains all its numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Plaintiff, Stringfellow, and Travelers, as described in this Notice and Order.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on November 29, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] R. Doc. 1-2, ¶ 1(2).
[13] *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In diversity cases involving corporation, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business for each corporation.").
[14] To the extent USAA intends to allege that The Standard Fire Insurance Company is the proper defendant (R. Doc. 1, ¶ 13), USAA would still have to allege the citizenship of the currently named defendant, Travelers Casualty and Surety Company of America, or submit evidence that Travelers Casualty and Surety Company of America does not exist and has not existed at the relevant times.
[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").